FILED
AUG 17 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ABDUL-AZIZ RASHID MUHAMMAD
a/k/a WILLIAM BROWN,

    Plaintiff,

v.                             Civil Action No. 1:03cv228
                                (Judge Keeley)

J. BUNTS, Health Services Administrator;
DAVID BUCKINGHAM, Nurse; E. MASTELLER, PA-C;
P. BENDER, PA-C; T. PUCKETT, PA-C; J. D. HILL,
Associate Warden of Programs; K. M. WHITE,
Regional Director; G. STONE, Superintendent
of Industry; HARRELL WATTS, Administrator
National Inmate Appeals; B. A. BLEDSOE,
Warden, FCI-Gilmer; and DORIS WILLIAMS,

    Defendants.

## ORDER ON DEFENDANT PUCKETT'S MOTION TO DISMISS

On October 27, 2003, plaintiff Abdul-Aziz Rashid Muhammad a/k/a William Anthony Brown ("Muhammad"), filed a pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Because of the lengthy procedural history associated with this case, this Order will address only those matters pertaining to defendant Teresa Puckett ("Puckett") and her pending motion to dismiss.

### I. Procedural History

In the original complaint, and subsequent amendments, Muhammad alleged that defendant Puckett was deliberately indifferent to his serious medical needs involving his knee condition, back condition, Hepatitis C condition, the failure to provide pain medication for

eleven days, and the denial of a lower bunk pass. Muhammad's claims regarding his knee condition, back condition, and Hepatitis C condition were dismissed for the failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915(A), on March 30, 2005.[1] However, Muhammad's claims regarding the denial of pain medication and the denial of a lower bunk pass were served upon the defendants. On July 21, 2005, the served defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. The court was unable to serve process on defendant Puckett at that time.

On March 31, 2006, the motion to dismiss was granted in part and denied in part as to the served defendants. Moreover, the Court reordered service of process upon defendant Puckett by United States Marshal. Defendant Puckett was served on May 4, 2006. On June 28, 2006, defendant Puckett filed the instant motion to dismiss. On June 29, 2006, the Court issued a Roseboro Notice[2]

---

[1] Pursuant to § 1915(e)(2)(B), the court shall dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief. Moreover, pursuant to § 1915A, in a civil action in which a prisoner seeks redress from a governmental entity or employee, the court shall review the complaint as soon as practicable to determine whether the complaint raises any cognizable claims or whether the complaint should be dismissed.

[2] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(when the defendant files a dispositive motion in a proceeding initiated by a pro se plaintiff, the Court has a mandatory duty to advise the plaintiff of his right to file responsive material and to alert him to the fact that his failure to properly respond could result in the entry of an order of dismissal against him).

to the pro se plaintiff advising him that he had 30 days to respond to the defendant's motion. Muhammad has not filed a response to defendant Puckett's motion.

## II. Defendant Puckett's Motion to Dismiss

In her motion to dismiss, defendant Puckett asserts that after the Court's preliminary review on March 30, 2005, the only claims that remain against her are plaintiffs' claims that she denied him pain medication for eleven days and that she denied him a lower bunk pass. However, on March 31, 2006, the Court found that the other defendants were entitled to qualified immunity as to the claim that they denied plaintiff a lower bunk pass. Specifically, in that Order, the Court found that there was no applicable Supreme Court or Fourth Circuit cases which could be found suggesting that the denial of a low bunk amounted to a constitutional violation and that claim was dismissed as to those defendants. Defendant Puckett asserts that she is entitled to the granting of qualified immunity on this claim for the same reason. As to Muhammads' claim that he was denied pain medication for eleven days, defendant Puckett filed a separate Answer denying that claim.

## III. The Court's Order of March 31, 2006

In the Order of March 31, 2006, the Court found that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). The Court also found that, in order to determine whether an officer is entitled to qualified immunity, a court must first determine "whether a constitutional right would have been violated on the facts alleged." Saucier v. Katz, 533 U.S. 194, 200 (2001).

In this case, the Court found that there was no Supreme Court or Fourth Circuit case suggesting that the denial of a low bunk pass rises to the level of a constitutional violation. Moreover, Muhammad had conceded in his objections to the Report and Recommendation of the Magistrate Judge that he does not have a constitutional right to a low bunk pass. Thus, because the defendant's had not engaged in conduct that violated a constitutional right, they were immune from liability. This finding was made only as to the served defendants.

However, the Court concludes this finding is equally applicable to defendant Puckett's participation in the alleged deprivation of Muhammad's low bunk pass. Accordingly, defendant Puckett is also entitled to qualified immunity with respect to this claim.

MUHAMMAD v. BUNTS                                           1:03cv228
    ORDER ON DEFENDANT PUCKETT'S MOTION TO DISMISS

## IV. Conclusion

For the reasons set forth in the Order, defendant Puckett's Motion to Dismiss (dckt. 97) is **GRANTED** and Muhammad's claim that defendant Puckett was deliberately indifferent to his serious medical needs for denying him a low bunk pass is **DISMISSED with prejudice**. The only claim remaining against defendant Puckett is Muhammad's claim that she denied him pain medication for eleven days. As to that claim, defendant Puckett is subject to the deadlines set forth by this Court in its Scheduling Order of April 25, 2006, as modified in this Court's Order of August 15, 2006.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested, and to counsel of record.

DATED: August _____17_____, 2006.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

5